UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50932
_____

In The Matter Of: INTELOGIC TRACE, INC.

                              Debtor,


ROBERT SACHS; NIBCO NEVADA, INC.; KAREN SACHS; CLAUDIA SACHS;
HOWARD YONET; JOSEPH CORDA; TOMA CORDA; ELIZABETH J. SAMPSON
and ASSOCIATES; YONY PROPERTIES, INC.; HENRI YONET; PAUL
YONET; LARRY WAYNE; ANNE WAYNE; NOAM SCHWARTZ; MARION
BLACKBURN; LOIS ESFORMES; MARY ANN MCCAIN; STAN COHEN; CAROL
SEIDEN; SACHS LIVING TRUST; HERBERT H. EVELOFF, M.D.; PETER
KALTMAN; NEO CONSTRUCTION, INC.; HERBERT H. EVELOFF, M.D.,
IRA; FAYE EVELOFF; GARY AUSTIN; KAY F. GERHARD; L.F.I.
RETIREMENT TRUST; GARY POLLACK,

                              Appellants,

                   versus

INTELOGIC TRACE, INC.; ASHER B. EDELMAN; CLARK R. MANDIGO;
LEON BOTSTEIN; HENRY G. CISNEROS; DANIEL R. KAIL; BURTON
LEHMAN; MICHAEL D. SCHULTZ; DWIGHT D. SUTHERLAND,

                              Appellees.

_____

                Appeal from the United States District Court
                      for the Western District of Texas
                            (SA-95-CV-1007)
_____

                          February 22, 1999

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The appellants are thirty individual and institutional holders of subordinated debentures ("Bondholders") who filed a complaint against the bond issuer, Intelogic Trace, Inc. ("Intelogic"), and eight former members of Intelogic's board of directors ("Directors").  The Bondholders filed the complaint as an adversary proceeding under Intelogic's then pending Chapter 11 bankruptcy case.  They alleged that Intelogic had violated commitments made to the Bondholders in the bond prospectus ("Prospectus") by squandering bond proceeds on unwise investments.  On motion by Intelogic and the Directors, the bankruptcy court dismissed the Bondholders' complaint and denied the Bondholders' motion for leave to file an amended complaint. The district court affirmed the bankruptcy court's judgment and the Bondholders now appeal from that decision.

We affirm the district court's decision insofar as it upheld the dismissal of the Bondholders' complaint.  That complaint alleged that Intelogic's failure to abide by commitments made to the Bondholders in the Prospectus entitled the Bondholders to relief for: (1) breach of contract; (2) intentional misrepresentation; (3) negligence; and (4)securities fraud.[1] Because the Prospectus was not a contract between the Bondholders and Intelogic, because the Prospectus did not contain any restrictive representations regarding the manner in which the

---

[1]The complaint also asserted two other claims under state and federal securities laws.  Because one of those claims was voluntarily dismissed by the Bondholders and the bankruptcy court's dismissal of the other was not appealed, neither are considered here.

proceeds would be used, and because the Prospectus did not establish any statutory or common law duty between Intelogic and the Bondholders, all of those claims were properly dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to state claims upon which relief could be granted.  Moreover, they were each barred by the applicable statute of limitations.

We reverse the district court's decision insofar as it upheld the denial of the Bondholders' motion for leave to file an amended complaint.  Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires."  Although we review a trial court's decision to deny leave only for an abuse of discretion, "[i]ts discretion . . . is not broad enough to permit denial if the court lacks a substantial reason to do so."  Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.), 88 F.3d 311, 314 (5th Cir. 1996).  It is within the trial court's discretion to deny leave when any amendment would be futile.  See FDIC v. Conner, 20 F.3d 1376, 1385 (5th Cir. 1994).

The Bondholders argued before the bankruptcy court that, if their claims under the Prospectus were not viable, the court should permit them to amend their complaint to include claims under the indenture agreement ("Indenture").  Both the bankruptcy court and the district court rejected the Bondholders' argument, finding that any amendment to include claims under the Indenture would be futile.  The district court based its conclusion on the Indenture's "no action" exhaustion provision which required that

3

bondholders allow the indenture trustee an opportunity to act upon any bondholder complaints before the bondholders would be permitted to file suit. Because the Bondholders had not presented their complaints to the indenture trustee, the district court reasoned that any claims based on the Indenture would be barred by that requirement, and that the bankruptcy court was thus correct in denying leave. We disagree.

Although the Indenture's "no action" provision bars many of the Bondholders' potential claims, it does not bar all of them. Specifically, under section 7.07 of the Indenture, claims for nonpayment of interest are exempted from the "no action" exhaustion requirement. Furthermore, unlike the Bondholders other potential claims, a claim for nonpayment of interest does not appear to be barred by the statute of limitations as the Bondholders filed their suit in October, 1994, less than three months after Intelogic first failed to make their interest payments under the debentures. Therefore, it would not have been futile for the Bondholders to amend their complaint to include a claim for nonpayment of interest under the Indenture.

The district court declined to consider this argument, finding that the Bondholders had not properly raised the issue before the bankruptcy court. In the brief in which they requested leave from the bankruptcy court, however, the Bondholders raised nonpayment of interest as a basis for relief at several points, including the section discussing breach of contract:

4

> The indenture agreement provides . . . that Intelogic will pay principal and interest on the securities in the manner provided by the securities themselves. . . . Defendants' actions have caused this provision to be breached. Interest has not been paid according to those terms. Defendants' actions have prevented plaintiffs from receiving the fruits of their contract.

We find that the Bondholders did adequately place the issue of nonpayment of interest before the bankruptcy court. The district court thus erred in finding no abuse of discretion in the denial of the Bondholders' motion for leave to amend their complaint to include a claim based on the nonpayment of interest.

Such a claim, however, would be futile if brought against the Directors. The Indenture incorporates language from the debenture that limits the liability of past or present directors for any obligations of Intelogic under the Indenture or debenture. The Bondholders have failed to provide any theory explaining how the Directors could nonetheless be liable for Intelogic's nonpayment of its interest obligations under the debenture. We therefore limit our reversal of the district court's decision such that the Bondholders on remand are only permitted to amend their complaint to include a claim against Intelogic, and not the Directors.

For the foregoing reasons, we AFFIRM in part, REVERSE in part, and REMAND to the bankruptcy court for further proceedings consistent with this decision.

5